IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:18CV28-RJC-DSC

| | |
|---|---|
| JONATHAN LEE LAMBERT, )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NANCY A. BERRYHILL,[1] )<br>Acting Commissioner of Social )<br>Security Administration, )<br>Defendant. )<br>_____ ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #11) and Defendant's "Motion for Summary Judgment" (document #13), as well as the parties' briefs and submissions.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; Defendant's Motion for Summary Judgment be granted; and the Commissioner's decision be affirmed.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on February 13, 2018. The Administrative Law Judge

---

[1] Nancy A. Berryhill is now Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as Defendant herein. No further action is necessary pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

("ALJ") found him not disabled at step five of the sequential evaluation process based upon the Vocational Expert's ("V.E.") testimony. (Tr. 15-27). Plaintiff assigns error to the ALJ's formulation of his mental Residual Functional Capacity ("RFC").[2] See "Plaintiff's Memorandum in Support …" at 5-11 (document #12); "Plaintiff's Reply" at 1-3 (document #17). He also argues that the ALJ failed to resolve apparent conflicts between the V.E.'s testimony and the Dictionary of Occupational Titles ("DOT"). See "Plaintiff's Memorandum in Support …" at 11-14 (document #12); "Plaintiff's Reply" at 3-4 (document #17).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

2

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff was disabled[3] as that term of art is defined for Social Security purposes. Plaintiff challenges the ALJ's determination of his RFC. Initially, Plaintiff argued that the ALJ found a moderate impairment in concentration, persistence and pace, but failed to "address [his] ability to maintain pace at all." Document #12 at 8. In his Reply, Plaintiff acknowledges that "[he] erroneously stated [in his Memorandum in Support that]

---

[3] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

3

Case 5:18-cv-00028-RJC-DSC   Document 18   Filed 09/20/18   Page 3 of 9

the RFC did not account for pace." He now argues that the RFC's pace limitation was insufficient. Document #17 at 2. Plaintiff also argues that the ALJ failed to adequately explain her RFC determination. Document #12 at 8-11, Document #17 at 2-3. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id.

Plaintiff has the burden of establishing his RFC by showing how his impairments affect his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested.

The ALJ determined that Plaintiff's mental RFC encompassed the ability to perform

4

"simple repetitive routine tasks in a workplace requiring no fast-paced or production-rate work and few, if any, workplace changes. He can tolerate only occasional interaction with the general public." (Tr. 15). The Fourth Circuit has held that a pace or production rate limitation adequately accounts for difficulties in concentration, persistence and pace. Sizemore v. Colvin, 878 F.3d 72 (4th. Cir. Oct. 17, 2017) (substantial evidence supported RFC for "simple one, two step tasks" as long as the claimant was "working in low stress non-production jobs with no public contact"); Jarek v. Colvin, No. 3:14-cv-620-FDW-DSC, 2015 WL 10097516, at *5 (W.D.N.C. Sept. 4, 2015) memorandum and recommendation adopted, 2016 WL 626566 (W.D.N.C. Feb. 16, 2016), aff'd by No. 16-1388, 2017 WL 129024 (4th Cir. Jan. 13, 2017) (unpublished) (moderate limitation in concentration, persistence and pace adequately addressed by "limitation to simple, routine, repetitive tasks not at an assembly line pace"); Michaels v. Colvin, No. 3:15-CV-388-RJC-DSC, 2016 WL 8710975 (W.D.N.C. Mar. 25, 2016) memorandum and recommendation adopted, 2016 WL 5478014 (W.D.N.C. Sept. 26, 2016), aff'd, No. 16-2242, 2017 WL 4176228 (4th Cir. Sept. 21, 2017) (unpublished) ("Consistent with Mascio, the ALJ limited the RFC not only to simple routine repetitive tasks but also to 'work in a nonproduction pace rates'").

Addressing Plaintiff's broader argument that the ALJ failed to adequately explain her analysis, the Court finds that the RFC determination here is supported by substantial evidence including Plaintiff's testimony, medical records and treatment history. Ponder v. Berryhill, No. 1:15-cv-00289-RJC, 2017 WL 1246350, at *4 (W.D.N.C. Mar. 31, 2017). "Mascio only requires a remand when an ALJ's opinion is 'sorely lacking' in a manner that 'frustrates meaningful review.'" Ponder, 2017 WL 1246350, at *4 (quoting White v. Colvin, No. 3:15-cv-00197-FDW, 2016 WL 3381265, at *5 (W.D.N.C. June14, 2016)). The ALJ concluded that the objective evidence did not show that Plaintiff's limitations were as severe as alleged. He had good to excellent response to treatment and sobriety, did

well during periods of compliance, and demonstrated an ability to work and be around others. His treatment has been generally conservative. (Tr. 15-21). The ALJ's RFC determination is supported by substantial evidence and should be affirmed.

Plaintiff also contends that the ALJ erred in relying on the V.E.'s testimony rather than resolving apparent conflicts with the DOT. See "Plaintiff's Memorandum in Support …" at 11-14 (document #12); "Plaintiff's Reply" at 3-4 (document #17).

In response to a hypothetical that included Plaintiff's limitations, the V.E. testified that such person could not perform Plaintiff's past work but could perform jobs as cleaner hospital (DOT 323.687-010, 75,000 jobs available nationally), warehouse worker (DOT 922.687-058, 150,000 jobs available nationally), and washer (DOT 599.687-030, 200,000 jobs available nationally). (Tr. 48). The ALJ asked the V.E. if her testimony was consistent with the DOT. (Tr. 49). She replied in the affirmative "with just a couple of exceptions, in responding to interaction level, breaks, time off task, and absenteeism… Those opinions would be based on a combination of my education [and] training…." Id. The ALJ found that the V.E.'s testimony was consistent with the information contained in the DOT. (Tr. 26).

In Pearson v. Colvin, 810 F.3d 204, 210-12 (4th Cir. Dec. 17, 2015), the Fourth Circuit held that the ALJ has not fully developed the record if there are any unresolved conflicts between the V.E.'s testimony and the DOT. Id. at 209. See also Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) (where ALJ's analysis is incomplete, remand for further development of the record is appropriate rather than district court mining facts to support or refute ALJ's decision).

It is not Plaintiff's burden to identify this conflicting evidence during the hearing. Rather the "ALJ independently must identify conflicts between the expert's testimony and the [DOT]." Id. at 209. Merely asking the V.E. if there were any conflicts is insufficient. Id. at 210. The ALJ

6

must elicit an explanation about any conflicts from the V.E. The ALJ must then determine whether that explanation is reasonable and provides a basis for relying on the V.E.'s testimony rather than the DOT. Id. at 209-10. Absent an explanation for any apparent conflicts, the V.E.'s testimony does not provide substantial evidence for a denial of benefits. Id. at 211.

Plaintiff argues that the jobs identified by the V.E. require a DOT reasoning level of two which conflicts with the RFC limitation to simple, routine, repetitive tasks. This Court has consistently held that there is no conflict between reasoning level two work and a limitation to simple tasks. Courtney v. Colvin, No. 12cv0073, 2014 WL 1882583, at * 3 (W.D.N.C. May 12, 2014) (citing Pippen v. Astrue, No. 1:09cv308, 2010 WL 3656002, at *7 (W.D.N.C. Aug. 24, 2010) ("work requiring a reasoning level of two is not inconsistent with a limitation to simple work").[4] Accordingly, there is no conflict with the jobs at reasoning level two. The Fourth Circuit's unpublished decision in Henderson v. Colvin, 643 F. App'x 273, 276–77 (4th Cir. Apr. 5, 2016) cited by Plaintiff does not suggest a different result. There, the Court addressed a limitation to "one-to-two step tasks," which is different from the limitation here. Id. There were no conflicts with any of the jobs identified by the V.E.

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether

---

[4] In a recent unpublished opinion, the Fourth Circuit held that "[t]here is no direct correlation between the DOT's reasoning levels and a limitation to carrying out simple instructions or performing simple work; thus, jobs requiring an individual to perform such work are consistent with a DOT reasoning level of either 2 or 3." O'Neill v. Berryhill, No. 5:16-CV-129-DCK, 2017 WL 2469243, at *1 (W.D.N.C. June 7, 2017), aff'd, 723 Fed.Appx. 240 (4th Cir. May 25, 2018) (quoting Carringer v. Colvin, No. 2:13-cv-00027-MOC, 2014 WL 1281122, at *3 (W.D.N.C. Mar. 27, 2014)).

a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). There is substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and her ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #11) be **DENIED**; Defendant's "Motion for Summary Judgment" (document #13) be **GRANTED**; and the Commissioner's decision be **AFFIRMED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: September 20, 2018

David S. Cayer
United States Magistrate Judge